## MARY REDFERN

*v.*

## RICHARD REDFERN.

1. HOMESTEAD—*of the terms by which it can be released.* In order that a deed shall pass the homestead right of the grantors, it must contain a special release of that right. Where the homestead is not specifically named as conveyed, no general language in the deed, though it comprehend every claim, interest and estate, of whatever description, at law, or in equity, in express terms, will pass the right, or estop the householder from asserting it as against any one claiming under the deed.

2. SAME—*what constitutes the head of a family.* Although the husband may have obtained a divorce from his wife, yet, there being minor children of whom he has the care and custody, the divorce does not change his position, but he would still remain the head of the family, and entitled to occupy the homestead as such.

3. SAME—*relative rights of husband and wife.* Whatever right the wife may have in relation to the homestead, it is subordinate to the right of the husband while he lives and continues to be the head of the family and to occupy the premises.

4. So, after a divorce between the husband and wife, if the latter acquires the fee in the premises constituting the homestead, from the grantee in a deed executed by her and her husband prior to the divorce, which did not operate to release the homestead right, she will still hold subordinate to his right of homestead, there being minor children of whom he retains the care and custody.

5. EJECTMENT—*whether the manner of obtaining possession may be brought in question.* Although a defendant in ejectment may have acquired the possession of the premises by a forcible entry therein, that can not be brought in question in this action.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court contains a full statement of the case.

Mr. H. K. S. O'MELVENY, for the plaintiff in error.

Mr. M. SCHAEFFER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Circuit Court of Marion county, brought by Mary Redfern against Richard Redfern for lots three and four, in block two, in McElvaine and Nichols' addition to the town of Salem, and was tried by the court, without a jury, at the August term, 1865.

The plaintiff, to show title on her part, introduced a deed for the premises from Richard Redfern and herself, she being then his wife, to Thomas F. Houts, containing the usual covenants. She also introduced as evidence, a deed from Houts to herself, for the same premises. The defendant, Richard Redfern, objected to these deeds being read as evidence, but the objection was overruled. It was then admitted by both parties, that at the time of the commencement of this suit, the defendant was in possession of the lots described in the declaration—that at the date of the deeds produced, the plaintiff and defendant were husband and wife, and as such, conveyed the premises described as their homestead. It was further admitted, that before the commencement of this suit, a divorce had been decreed to Richard Redfern from the plaintiff, on the ground of adultery on her part.

The plaintiff then called Henry Redfern, who testified that he was the son of the plaintiff and defendant, and now of age, that at the time of the separation of his father and mother in 1862, he was a minor—that he had ever since lived in the family of his mother, and lived with her still; that his mother was living on the premises in question, when his father returned from the army, and declined living with him, and that his father broke into the house, by force, with an axe, and had kept possession of the house ever since. He further testified that two of the minor children lived with their father, the defendant, who had married since the divorce, and lives upon the premises.

On these facts the court found the issue for the defendant.

The plaintiff brings the cause here by writ of error, and assigns this decision as error.

It is admitted by the counsel for the plaintiff in error, that neither the deed to Houts nor from him to the plaintiff, specifically names the homestead as conveyed, but that the language of both deeds comprehend every claim, interest and estate of whatever description, at law or in equity, in express terms, which terms would clearly pass the homestead right, and unless those terms are without force the deed made to Houts by defendant in error estops him from claiming any right or interest in the premises.

As a general principle, this may, perhaps, be true, and is in accordance with the views of eminent law writers. But we are bound, in all such cases, no matter what may be the general language of a deed, wherever the claim of a homestead is set up, to examine and see if that right has been released or waived in the mode prescribed by the statute. That provides in the first section, that no release or waiver of such exemption shall be valid unless the same shall be in writing subscribed by such householder, and acknowledged in the same manner as conveyances of real estate are by law required to be acknowledged. Scates' Comp. 576. There must be a special release or waiver of the exemption in writing subscribed and acknowledged in the same manner as conveyances are made and acknowledged.

This court has been often called upon to consider this provision of the statute. *Vanzant* v. *Vanzant,* 23 Ill. 540; *Miller* v. *Markle,* 27 *ib.* 405; *Patterson* v. *Kreig,* 29 *ib.* 518; *Pondee* v. *Lindley,* 31 *ib.* 187. In all the cases a formal release or waiver was deemed necessary, except as held in the case of *Brown* v. *Coon,* decided at November term, 1864. It was there held, that surrendering the possession of the homestead to the purchaser and an abandonment of the premises by the householder, was as effectual as a formal release or waiver of the exemption. That such a party could not turn round, after

putting his grantee in possession, and actually abandoning the premises, and put him out of possession by an action of ejectment.

Parties contracting for the purchase of property protected by this law, are presumed, as argued by the defendant's counsel, to have knowledge of the law, and if there be no special release of the homestead in the deed, or by writing subscribed by the householder and acknowledged in the same manner as the deed is acknowledged, the inference must be, though all rights, claims and interest are conveyed by the deed, that the homestead was intentionally reserved by the grantor, and so understood by the grantee.

In this case the defendant in error did not release the homestead when he, with his then wife, the plaintiff in error, conveyed the premises to Houts. It was his homestead and occupied as such at that time.

This deed must, in view of the statute, and of previous well considered decisions of this court, be held to be inoperative, as there was no release of the homestead, or possession given to Houts, or abandonment of the premises. The defendant in error is the head of the family, and as such, had a right to occupy the premises as his homestead. The divorce did not change his position, he still remained the head of the family, and as the proof shows, had the care and custody of his minor children, and entitled to the unmolested use and possession of the premises. Whatever right the plaintiff in error may have had while she was the wife of the defendant, that was subordinate to his right while he lived, and continued to occupy the premises.

The manner in which he took possession can not be regarded in this action. He should have resorted to legal means, by action of forcible detainer, but for his unauthorized violence, he is not accountable in this action. The judgment must be affirmed.

*Judgment affirmed.*