LEWIS RIGGS

*v.*

RICHARD HENNEBERRY,
and

JOHN PAINE

*v.*

RICHARD HENNEBERRY.

1. LIMITATION ACT OF 1839—*wrongful entry under color of title.* Where the owner of color of title who has paid taxes on unoccupied land for seven years, enters upon the actual possession of the rightful owner, he is a mere trespasser from the moment of his entry, and acquires no possession which the statute will protect.

2. And it may well be doubted whether the owner of a merely colorable title, who has paid taxes for seven years while the land was vacant, will be allowed to enter on the actual possession of another and then defend

against an action of ejectment by setting up the statute of limitations, even though the person intruded upon can not show the paramount title in himself.

3. DEED—*as to the time of its acknowledgment.* Where a deed offered in evidence, bears date and is shown to have been in existence prior to the commencement of the suit, an objection that it was acknowledged after the commencement of the suit is not tenable.

APPEALS from the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. BEASON & BLINN, and Messrs. WILLIAMS & BURR, for the appellants.

Mr. WILLIAM B. JONES, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Henneberry was the owner of the paramount title to a quarter section of land, derived from the government, and in actual possession by a house and other improvements. The defendants, having only color of title, under which taxes had been paid for seven years, while the land was vacant, unlawfully entered upon his possession, whereupon he brought these actions of ejectment. They defend, setting up their color of title and payment of taxes under the statute of limitations. The circuit court gave judgment for the plaintiff in each case.

It is contended, that the plaintiff's only remedy was an action of forcible entry and detainer. This position is untenable. It would be most unreasonable to hold, that where the owner of land is in actual possession, an intruder upon his possession can acquire, by such trespass, a right to protect himself against eviction by setting up the statute of limitations. It is true, where the owner of the color of title has paid taxes on unoccupied land for seven years, and enters while it is unoccupied, he is permitted to defend his possession under the statute, because it is presumed to have been taken in good faith, and without intentional violation of law or of the rights of others. But where he enters upon the actual possession of the rightful owner, he

is a mere trespasser from the moment of his entry, and acquires no possession which the statute will protect. The lawful possession remains with the rightful owner, and is not ousted by the trespass.

The case of *Redfern* v. *Redfern*, 38 Ill. 509, cited by appellants' counsel, is not analogous. It is true, we held there, that where the owner of the legal title entered by force, he could not be evicted by ejectment, though subject to an action of forcible entry and detainer. The reason of the decision was, that in ejectment we regard the legal title and the rights of possession growing out of it, and when the owner of this title acquires actual possession, though by forcible means, he can not be evicted in this action by the former possessor, having no title. But in the case at bar, the owner of the paramount title has been in possession from the first, and has not lost it by a trespass, in any such sense as to enable the trespasser to claim for himself the benefit of a lawful possession. If the trespasser can defeat the action by setting up the statute, he must be regarded as having become substantially the owner, for such is the effect of a right of possession acquired under statutes of limitation, and we should thus have the extraordinary result, that the actual owner of land might lose his title by the mere intrusion of a person having no title. If the trespasser is not to be regarded as the owner and entitled to retain the possession as such, then in this action the plaintiff is entitled to a judgment. That his trespass entitles him to be regarded as owner, will hardly be contended when the proposition is put in this naked form.

It may well be doubted whether it would accord with the policy of the law to allow the owner of a merely colorable title, who has paid taxes for seven years while the land was vacant, to enter on the actual possession of another, and then defend against an action of ejectment by setting up the statute of limitations, even though the person intruded upon could not show the paramount title in himself. That is not the present question however.

The objection taken to one of plaintiff's deeds, that it was acknowledged after the commencement of the suit, is not tenable. The deed bears date and is shown to have been in existence prior to the commencement of the suit.

*Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in this decision.