## Case No. 3,425.

CROSBY v. The SUNSHINE.

[Nowhere reported; opinion not now accessible.]

CROSBY (UNITED STATES v.). See Case No. 14,893.

CROSE, In re. See Cases Nos. 3,426 and 3,427.

## Case No. 3,426.

In re CROSS.

[2 Dill. 320.] [1]

Circuit Court, D. Nebraska. 1873.

MORTGAGE OF HOMESTEAD—WAIVER.

1. Under the statutes of Nebraska the husband and wife may make a valid mortgage of the homestead property.
[Cited in Connecticut Mut. Life Ins. Co. v. Jones, 8 Fed. 305.]

2. An express waiver of the homestead right is not essential to the validity of such a mortgage.

This is a petition under the second section of the bankrupt act, to review an order of the district court refusing to subject to sale

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

lots 1 and 2 in block 12, in Tecumseh, claimed by the bankrupt as a homestead.

The adversary parties in this proceeding are the bankrupt and his wife on the one hand, and Dutcher & Co. mortgage creditors of the bankrupt, holding a mortgage on the homestead property.

The facts are briefly these: Prior to June, 1870, the bankrupt became indebted to Dutcher & Co., and in June, 1870, he erected a house on the two town lots herein claimed as a homestead, and removed there with his family, where he has ever since resided. On the 22d day of October, 1870, the bankrupt and his wife executed a mortgage upon two hundred and forty acres of land, and upon the two lots occupied by them as a homestead, to secure Dutcher & Co. the sum of $2,000, evidenced by the promissory note of the husband of that date. This mortgage is duly signed and acknowledged by Cross and his wife, and is in proper form, but it contains no express waiver or relinquishment of the homestead right or exemption.

Cross having afterward been adjudicated a bankrupt, and the mortgage not having been paid, the mortgagees, on the 19th day of April, 1872, filed their petition in the bankruptcy court, setting forth their mortgage and praying that the assignee in bankruptcy might be ordered to sell the mortgaged property free of all incumbrances, and that the lien of the mortgage be transferred to the proceeds.

That court found that there was due upon the mortgage $2,000, with interest from October 22, 1870, and on September 16, 1872, made an order to sell the two hundred and forty acres of land embraced in the mortgage. It was further "ordered by the court that lots 1 and 2 in block 12, Tecumseh, be not sold for the reason that the same are occupied by the said bankrupt and his family as a homestead." To this last order the mortgagees objected, and to have its correctness determined bring the case here for review.

A. J. Poppleton and Wm. O. Bartholomew, for petitioners for revision.

E. W. & V. D. Metcalf and Isaac N. Shambaugh, for bankrupt and his wife.

DILLON, Circuit Judge. There is substantially but one question in this case, and that is whether the mortgage executed by the husband and wife upon the homestead is valid and created a lien thereon in favor of the mortgagees. In the chapter of the state statutes relating to "Executions against the property of the judgment debtor," occur certain provisions as to "Homestead and other Exemptions." Section 525 is as follows: "A homestead, etc., owned and occupied by any resident of the state, being the head of a family, shall not be subject to attachment, levy, or sale upon execution, or any other process, issuing out of any court within this

state, so long as the same shall be owned and occupied by the debtor as such homestead."

By the act of 1870 [page 6, § 1], "clerks', laborers', or mechanics' wages or for money due and owing by any attorney at law" are excepted from the benefit of the exemption.

There is no provision in the statute prohibiting the alienation, sale, or mortgage of the homestead, or of any of the other property exempted by the statute from judicial sale. Nor is there any provision respecting the mode of conveying the homestead, but there are general provisions relating to the manner of conveying real property, in conformity with which the mortgage here in question was executed.

Under these circumstances I perceive no difficulty in the question here presented.

The legal title to the lots occupied as the homestead being in the husband, he and his wife, by joining in an absolute conveyance thereof, might, undoubtedly, make to the purchaser a perfect title. There being no restriction upon the right of disposition, I think it equally clear that they could in this mode make a valid mortgage upon the homestead. If so, then such a mortgage can and should be enforced.

The provisions of the statute above mentioned, respecting the exemption of the homestead from sale upon execution or other judicial process, plainly refer to executions or process upon general judgments, not to decrees upon foreclosure of a valid mortgage upon the homestead. The language exempting the homestead from judicial sale can no more be construed to prohibit the owner from making a mortgage upon it than from making a sale of it. Similar language is employed in section 530 as to the personal property thereby exempted from judicial seizure and sale, and yet it could scarcely be contended that a valid mortgage might not be made by the owner of such property.

The exemption in both cases is for the benefit of the debtor and his family. It may be waived. And when the husband and his wife unite in the execution of a mortgage upon the homestead for a valuable consideration received by them or either of them, the right to the exemption is thereby waived in favor of the mortgagee.

I perceive nothing in the legislation of the state which prescribes a particular method of conveying the homestead or requiring an express waiver of the homestead right. In Iowa the statute in terms provides that no sale or conveyance of the homestead shall be of any validity, unless both husband and wife concur in and sign the conveyance, and yet it is held that no express waiver of the homestead right is necessary to a valid deed or mortgage. Reversed.

NOTE [from original report]. The cases on the subject of the homestead exemption down to 1862 will be found collected in 1 Am. Law Reg. (N. S.) pp. 641. 705. See, also, Cox v. Wilder [Case No. 3,308]. and cases cited in note [In re Hook. Case No. 6,671; Smith v. Kehr, Id. 13,071; In re Cross, Id. 3,426: Rix v. Capitol Bank, Id. 11,869; In re Tertelling, Id. 13,842; In re Jones, Id. 7,445]; Bartholomew v. West [Id. 1,071].

An express relinquishment of the homestead right held not necessary, where it was not required by the statute. Babcock v. Hoey, 11 Iowa, 375: Pfeiffer v. Reihn. 13 Cal. 643.

But formal release or waiver is in some states required. Kitchell v. Burgwin, 21 Ill. 40, explained 23 Ill. 536; 26 Ill. 107, 150; 1 Am. Law Reg. (N. S.) 706, note.