## ANNE TIRREL vs. THOMAS KENNEY & wife.

Suffolk. Jan. 11. — March 4, 1884. DEVENS & HOLMES, JJ., absent.

While the St. of 1855, c. 238, was in force, a wife joined with her husband as grantor in a mortgage of land, " in order to release her rights under the homestead exemption act." The deed contained full covenants of seisin and of warranty. *Held*, that she did not thereby bar her right of dower in the land, although the estate at the time the mortgage was given was of less value than $800.

MORTON, C. J. This is a writ of dower; and the decision of the case depends upon the construction and effect of the deed of mortgage, dated October 1, 1856, and executed by the demandant and her husband, under the name of James Tyrl. The estate was conveyed to the husband on October 29, 1855, and was subject to a homestead exemption, under the St. of 1855, c. 238. By the mortgage deed, "James Tyrl, of West Roxbury, in the county of Norfolk, laborer, and Anne, wife of said James, who voluntarily joins in this deed in order to release her rights under the homestead exemption act," conveyed the premises to the Columbian Mutual Loan and Fund Association, to secure a bond signed by the said James Tyrl.

The wife joined in the words of grant, and in the covenants of the deed, which are of seisin, freedom from incumbrances, right to convey, and of warranty. The question is whether she has thereby barred her right of dower.

At the time this deed was made, our statutes provided that " a married woman may bar her right of dower, in any estate conveyed by her husband, by joining with him in the deed conveying the same, and therein releasing her claim to dower; or by releasing the same by a subsequent deed, executed jointly with

her husband." Rev. Sts. *c.* 60, § 7. The statutes preceding this recognized the power of a wife to bar herself of dower in her husband's lands, by joining with him in a deed of sale or mortgage, though they did not so explicitly provide that it was to be by her "therein releasing her claim to dower." Anc. Chart. 304. St. 1783, *c.* 37, § 5.

But, as is stated by Mr. Justice Metcalf in *Greenough* v. *Turner*, 11 Gray, 332, "The mere adding of her signature and seal to his deed of his real estate, without any words of conveyance or of release by her, never barred her right of dower. It was always held under those statutes, that, to bar such right, she must not only join with her husband, in a deed of conveyance, by ·executing the deed, but that the deed, so executed, must contain apt words of grant or release by her, and that the court could not inquire into her intention in joining in the deed with her husband, if that intention was not manifested by the deed itself."

It may be that, if a wife executes a deed with her husband of his land, joining in the words of grant, the deed containing no expression of the purpose for which she joined, it would operate to bar her right of dower. *Learned* v. *Cutler*, 18 Pick. 9. In such case, her words of grant or release can have no·effect or purpose except to bar her dower, and therefore the deed manifests that such was her intention. But this is not the case at bar. The deed expressly declares that the wife "joins in this deed in order to release her rights under the homestead exemption act." She would naturally have added the words "and of dower," if she had intended to release her dower. The expression of her purpose excludes the idea of a signature for any other purpose. It is true that the words of grant which she uses are broad enough, if uncontrolled, to include a release of the right of dower; but the expression of the purpose for which she joins qualifies the whole deed, and shows that she uses these words of grant in order to release her right of homestead, and not for the further purpose of releasing her right of dower. Her husband could not make a valid conveyance of these premises unless she joined in the deed in some form. St. 1855, *c.* 238, § 5. She joined in this deed with the avowed object of releasing the right of homestead. In the face of this expressed purpose, it cannot

be said that the deed manifests an intention to release her right of dower. We are therefore of opinion that her right of dower is not barred by the deed in question.

The tenants contend that the demandant is estopped to set up her right of dower, because the mortgaged estate was, at the time the mortgage was given, of less value than $800. Their argument is that the effect of the deed was to convey to the mortgagee the right of homestead; that this right was in substance a life estate in the grantors and the survivor; that they had the complete right of possession of the premises so long as she lived; that this right vested by the deed in the grantees; and therefore that the widow cannot claim her dower, because it will impair and diminish this grant.

The fallacy of the argument is in the assumption that the release of the right of homestead operates as a grant of the right so that it may be enjoyed by the grantee. This is not the operation of a release, in whatever form of words it may be made. Like a release of dower, it operates not to convey the right to another, but by way of estoppel or extinguishment of the right, so as to bar any future claim. *Learned* v. *Cutler, ubi supra.* The effect of the deed in question was to convey to the mortgagee the estate described in it, freed from the right of the grantors to claim it as a homestead, but it did not affect the wife's inchoate right of dower, and does not bar her from claiming dower after her husband's death.

*Judgment for the demandant affirmed.*

*J. W. Keith,* for the demandant.

*C. G. Keyes,* for the tenants.