Grafton, }
Jan. 3, 1911. }

## PERLEY *v.* WOODBURY & *a.*

The homestead right is inchoate and conditional until set out in the specific prop-
erty to which it may attach, and is similar in its attributes to the wife's right
of dower in her husband's realty.

Where a wife joins with her husband in the granting clause of a warranty deed
which is duly signed, sealed, and acknowledged by both and properly wit-
nessed, the conveyance is sufficient to bar her homestead right, in the absence
of language disclosing an intent to reserve it; and such an intent is not mani-
fested by the employment of a special clause for the release of dower.

The fact that the names of the grantors are inserted in the *habendum* of a deed
and that they appear as covenantees in the warranty clause is a mere clerical
error which should be rejected as surplusage.

WRIT OF ENTRY, to foreclose a mortgage. Plea, the general
issue. Trial by the court and verdict for the plaintiff. Transferred
from the May term, 1910, of the superior court by *Plummer,* J.

The mortgage is as follows: "Know all men by these presents,
that I, Charles L. Woodbury of Enfield, county of Grafton and
state of New Hampshire, and Harriet M. Woodbury, wife of said
Charles L. Woodbury, for and in consideration of the sum of.....,
to us in hand before the delivery hereof well and truly paid by Joseph
B. Perley of Enfield, county of Grafton, state of New Hampshire,
the receipt whereof we do hereby acknowledge, have granted, bar-
gained, and sold, and by these presents do give, grant, bargain, sell,
alien, enfeoff, convey, and confirm unto the said Joseph B. Perley,
his heirs and assigns forever. [Here follows a description of the real
estate mortgaged, which comprised the homestead of the defend-
ants.] To have and to hold the said granted premises, with all
the privileges and appurtenances to the same belonging, to them
the said C. L. Woodbury and Harriet M. Woodbury and their
heirs and assigns, to them and their only proper use and benefit
forever. And we, the said C. L. Woodbury and Harriet M. Wood-
bury, and our heirs, executors, and administrators, do hereby cove-
nant, grant, and agree to and with the said C. L. Woodbury and their
heirs and assigns, that until the delivery hereof we are the lawful
owner of the said premises and are seized and possessed thereof
in our own right in fee simple, and have full power and lawful author-
ity to grant and convey the same in manner aforesaid; that the prem-
ises are free and clear from all and every incumbrance whatsoever;

and that we and our heirs, executors, and adminstrators shall and will warrant and defend the same to the said Joseph B. Perley and his heirs and assigns, against the lawful claims and demands of any person or persons whomsoever. And I, Harriet M. Woodbury, wife of said Charles L. Woodbury, in consideration aforesaid, do hereby relinquish my right of dower in the before mentioned premises. Nevertheless, it is to be considered, and the condition of the foregoing deed is such, that if the said Charles L. Woodbury and Harriet M. Woodbury, their heirs, executors, and administrators, shall well and truly pay unto the said Joseph B. Perley, his heirs and assigns, seven hundred dollars and interest annually, agreeably to the tenor of their promissory note of even date of this mortgage, then the foregoing deed is to be void and of no effect; otherwise to remain in full force and virtue."

The mortgage did not contain a special clause releasing the homestead rights of the defendants. It was properly signed and sealed by C. L. Woodbury and Harriet M. Woodbury, witnessed by two witnesses, and acknowledged before a justice of the peace. The date of the mortgage and the acknowledgment was October 10, 1908. It was recorded November 19, 1908, in the Grafton county registry of deeds.

The defendants made the following motions: (1) That the decree of foreclosure shall specify that the homestead right of the defendants and their minor children is excepted and reserved. (2) That the writ of possession, when issued, shall specify that the plaintiff shall have only a seizin to the use and benefit of Charles L. Woodbury and Harriet M. Woodbury and their heirs and assigns, in accordance with the terms of the *habendum* as written in the mortgage sought to be foreclosed. Both motions were denied, and the defendants excepted.

*John H. Noonan*, for the plaintiff.

*Hugh Moore* (by brief and orally), for the defendants.

BINGHAM, J. The principal questions in this case arise on the defendants' motion to have the judgment of foreclosure made subject to a homestead right in the defendants and their minor children. Their contention is (1) that a deed or mortgage, in order to convey or release a homestead right under our statute, in addition to being properly signed, sealed, witnessed, and acknowledged, must include

a clause specifically conveying or releasing that right; and (2) if such a clause is not necessary, the deed should employ general terms clearly importing that it was the intention of the grantors to convey or release their homestead right, and that such an intention cannot be found from the use of general terms in the granting clause, where the deed or mortgage also contains a clause specifically releasing the dower rights of the wife; that in such case the general terms are limited by the specific release of dower and cannot be held to have included a conveyance or release of the homestead right.

The section of the statute under consideration reads as follows: "No deed shall convey or incumber the homestead right except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land; or, in case the wife or husband is insane or there is a minor child and no wife or husband, unless the judge of probate for the county in which the homestead is situated shall certify on the deed his approval thereof." P. S., c. 138, s. 4.

The power of an owner to alienate property in which the husband or wife or minor children have a homestead right is not derived from the statute, but is incidental to the ownership of the property in which the right exists. The statute does not confer the power, but imposes limitations upon its exercise; and in the absence of the imposed restrictions, the right would pass by a deed of the homestead place executed in the usual way and containing provisions adequate for the conveyance of similar interests or rights in land. Wap. Home. & Ex. 422. The question therefore arises: What is there in the statute that requires a clause in a deed of a homestead place specifically releasing the homestead right? It is not necessary to search far for an answer, for there is nothing in the statute indicating any such intention. The statute simply provides that in a conveyance of a homestead place the homestead right shall not pass unless the deed is executed by the husband and wife jointly, if they are alive, with all the formalities required by law for the conveyance of real estate (*Gunnison* v. *Twitchel*, 38 N. H. 62; *Wilson* v. *Mills*, 66 N. H. 315); or in case either is insane, or either is dead and there are minor children, that it shall be executed by the sane or surviving parent in accordance with the formalities required for the conveyance of real estate, with the approval of the judge of probate certified thereon. *Dickinson* v. *McLane*, 57 N. H. 31, 33, 34. It leaves the other essentials of a proper conveyance to be deter-

mined by the rules of the common law governing the conveyance of similar property and rights in property. We are aware that in Illinois (*Redfern* v. *Redfern*, 38 Ill. 509), and perhaps in Massachusetts (*Connor* v. *McMurray*, 2 Allen 202; *Greenough* v. *Turner*, 11 Gray 332), a specific clause of release is necessary; but decisions in those states were made with reference to the requirements of their statutes and are of little, if any, value in reaching a correct interpretation of our own statute.

What, then, is the nature of the homestead right, and what is necessary to its conveyance or release? In *Gunnison* v. *Twitchel*, 38 N. H. 62, 67, *Fowler*, J., in speaking of the nature of the right created by the homestead act of 1851, said: "It seems to us quite clear that the obvious purpose and necessary effect of the whole enactment is to create, for the mutual benefit of the husband, wife, and minor children, where those relations exist, an inchoate right of homestead exemption to the value of $500, in every piece of real property in this state of that or greater value, owned and occupied as a family homestead, incapable of extinguishment by the sole act of the husband and father, except as specially provided in the act itself, contingent upon the occurrence of circumstances which may entitle the parties in whom it vests to demand its enforcement, personal to them until perfected by the actual separation of the property to which it may be applied from the residue of the estate, liable to be waived or released only by the joint deed of the husband and wife, duly executed, with all the formalities necessary to convey real estate, but no more assignable to a third person, as an available right in his hands, until it has become vested in some specific property designated and set apart for the purpose in some proper way, than a married woman's right of dower in the lands of which her husband is or may be seized during coverture can be conveyed or assigned by her during the lifetime of her husband."

In *Lake* v. *Page*, 63 N. H. 318, 319, *Clark*, J., said: "The homestead right is merely an inchoate right which is not assignable until the homestead is set out and assigned in specific property. It then becomes a vested estate. The interest of the widow in the homestead premises bears some analogy to her right of dower. . . . And when a homestead is set off and assigned to the widow, her inchoate and imperfect right becomes a vested estate for life in the premises set off, which she may occupy as a homestead, or, if she chooses, she may sell . . . or exchange."

As the homestead right is inchoate and conditional until set out

in the specific property to which it may attach, and is similar in its attributes to the wife's right of dower in her husband's real estate, it follows that similar terms may be employed to effectuate its release to those used to release an inchoate right of dower. *Greenough* v. *Turner,* 11 Gray 332, 334. By custom, in this state a wife may bar her right of dower by signing and sealing her husband's deed of his land, even though there is no mention of her in the deed except her signature. *Burge* v. *Smith,* 27 N. H. 332; *Dustin* v. *Steele,* 27 N. H. 431. But it is generally held in the New England states (and in the absence of a local custom such would undoubtedly be the rule in this state) that the wife's right of dower is not barred by her husband's deed in which she joins, unless there are words in the instrument disclosing her intention to make such release. *Burge* v. *Smith, supra; Greenough* v. *Turner,* 11 Gray 332, 334; *Leavitt* v. *Lamprey,* 13 Pick. 382.

In *Learned* v. *Cutler,* 18 Pick. 9, 11, the court entered into an extended discussion of what a deed should contain to release or bar the wife's inchoate right of dower. It is there said: "The usual form is for the wife simply to relinquish or release her right of dower; but words of grant are equally efficacious and proper to bar her right; for in neither case does her deed pass any title to the estate. So it is not necessary that she should release or grant her right of dower *eo nomine;* any other words showing an intention on her part to relinquish her dower will be sufficient. And if she joins her husband in the sale, and undertakes to convey the land jointly with him, this generally would be a sufficient indication of her intention to exclude herself from any claim of dower. By joining in the words of grant, she must be understood to give or intend to give all the right and title she was capable of giving, whether by way of passing an estate, or extinguishing or barring a right depending upon a contingency. . . . Now the wife cannot in any way more fully join her husband in a sale, than by joining in the words of grant; and where she does thus join, she is clearly barred, unless there is some reservation in the deed of her right of dower, or unless it appears from the language of the deed that such reservation was intended to be made."

In the present case, the conveyance was a mortgage deed with full covenants of warranty and against incumbrances. It was duly signed, sealed, witnessed, and acknowledged by both husband and wife. The wife joined with the husband in the granting clauses in which they "do give, grant, bargain, sell, alien, enfeoff, convey,

and confirm" the land in controversy. By so doing they barred their right of homestead, unless there is some clause or language used in the deed reserving or disclosing an intention to reserve it. The deed contained the usual clause releasing dower; and therefore the defendants say that this discloses an intention on the part of the wife, at least, to reserve, or not to convey, her homestead right. In support of their contention they rely upon *Tirrel* v. *Kenney,* 137 Mass. 30, where the wife joined with the husband in the granting clauses of the deed, but expressly declared that she joined in the deed in order to release her rights under the homestead exemption act, and it was held that by so doing she indicated an intention to release that interest alone and not her dower rights in addition. But we do not think that case is analogous to the one here under consideration. It was not necessary to effectuate a release of the wife's right of dower that the special clause releasing dower should be inserted, for we have already seen that in this state it would have passed without it. *Burge* v. *Smith, supra.* Then, again, the language employed does not indicate an intention that she joined in the granting clause of the deed simply for the purpose of releasing her dower rights. The special clause was evidently inserted out of abundant caution, not knowing that the wife's dower rights would be waived by her joinder in the granting clause of the deed, or by her signature to the deed without being so joined. At any rate, we are of the opinion that, having manifested an intention to part with all her right, title, and interest in the land conveyed by joining in the granting clause of the deed, she did not afterward use language limiting that intention by inserting a clause releasing her dower rights. See, also: *Forsyth* v. *Preer,* 62 Ala. 443; *Daley* v. *Willis,* 5 Lea 100; *Wing* v. *Hayden,* 10 Bush 276; *Hayden* v. *Robinson,* 83 Ky. 615; *Babcock* v. *Hoey,* 11 Ia. 375; *O'Brien* v. *Young,* 15 Ia. 5; *Drake* v. *Root,* 2 Col. 685; *Poole* v. *Gerrard,* 6 Cal. 71,—65 Am. Dec. 488, note; *In re Cross,* 2 Dill. 320.

An examination of the deed discloses that the insertion of the names of C. L. and Harriet M. Woodbury, the grantors, in the *habendum,* and of C. L. Woodbury as covenantee in the covenants, was a clerical error, and that they should be rejected as surplusage. *Brown* v. *Manter,* 21 N. H. 528, 535; *Weed* v. *Woods,* 71 N. H. 581, 584. This being done, no question is raised by the defendants' exception to the denial of their second motion.

*Exception overruled.*

All concurred.