Verdolino v. Anderson                    CV-98-015-B    04/14/98   P

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>JoAnn Verdolino</u>
_____

        v.                                      C-98-015-B

<u>Karl H. Anderson</u>


<u>MEMORANDUM AND ORDER</u>

        Any effort to enforce New Hampshire's homestead exemption in bankruptcy against a former spouse with a secured claim raises a host of complex questions of state and federal law.  <u>See, e.g.</u>, <u>Naqvi v. Fisher</u>, 192 B.R. 591 (Bankr. D.N.H. 1995); <u>see generally</u>, Sheryl S. Wolf, <u>Divorce, Bankruptcy, and Metaphysics: Avoidance of Marital Liens Under § 522(f) of the Bankruptcy Code</u>, 31 Fam. L.Q. 513 (1997).  Karl H. Anderson, the debtor in this bankruptcy case, focuses his appeal on a single state-law issue. He argues that the second mortgage his former wife obtained on his home as a result of their divorce is not enforceable against his homestead interest because the mortgage does not contain an express waiver of the homestead exemption.  Confining my analysis to this narrow issue, I affirm the judgment of the bankruptcy court.

New Hampshire law grants homeowners a $30,000 homestead exemption. N.H. Rev. Stat. Ann. § 480:1 (Supp. 1997). Although the homestead interest generally is exempt from encumbrance, it does not affect "mortgages which are made a charge thereon according to law." N.H. Rev. Stat. Ann. § 480:4 (III) (1992). Two types of mortgages are immune from the homestead exemption: (1) a mortgage that is made "at the time of purchase to secure payment of the purchase money;" and (2) any other mortgage that "is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land." N.H. Rev. Stat. Ann. § 480:5-a (1992).

Although the statute does not expressly require that a mortgage contain an explicit waiver of the homestead exemption to defeat it, Anderson argues that such a requirement must be inferred. I reject this contention because it is inconsistent with controlling precedent and sound principles of statutory construction. In Perley v. Woodbury, 76 N.H. 23 (1911), the New Hampshire Supreme Court considered this issue when construing a predecessor statute that was identical in all material respects section 480:5-a. In holding that the predecessor statute did not require a mortgage to contain an express waiver of the homestead exemption to defeat the exemption, the court stated:

> What is there in the statute that requires a clause in a deed of a homestead place specifically releasing the homestead right?  It is not necessary to search far for an answer, for there is nothing in the statute indicating any such intention.  The statute simply provides that in a conveyance of a homestead place the homestead right shall not pass unless the deed is executed by the husband and wife jointly, if they are alive, with all the formalities required by law for the conveyance of real estate. . . .

Perley, 76 N.H. at 25.  Anderson makes a vain effort to distinguish Perley by arguing that the mortgage at issue in that case was a purchase-money mortgage.  This argument borders on the frivolous as the language of the statute simply will not support this distinction.  Accordingly, I reject Anderson's argument without further discussion.

In summary, the plain language of N.H. Rev. Stat. Ann. § 480:5-a provides that a mortgage that meets the requirements of the statute is enforceable against a homestead exemption whether or not the mortgage contains an express waiver of the exemption.  As Anderson does not otherwise argue that Verdolino's mortgage is insufficient, I reject his challenge.  The judgment of the bankruptcy court is affirmed.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 14, 1998

-3-

cc:  Clerk, USBC-NH
     Lawrence Sumski, Esq.
     Mark Wolterbeek, Esq.
     Gerald Neiman, Esq.