## O'BRIEN *et ux.* v. YOUNG.

1. CONVEYANCE OF THE HOMESTEAD. It is not essential to the validity of a mortgage or deed of trust conveying the homestead, that the grantors state explicitly that it is the homestead which they wish to encumber: (re-affirming *Babcock et ux.* v. *Hoey,* 11 Iowa, 375.)

*Appeal from Scott District Court.*

FRIDAY, JUNE 5.

IN EQUITY. On the 22d day of June, 1858, the complainants executed a deed of trust, conveying the premises in controversy to H. B. Matthews, to secure the payment of two certain promissory notes executed on the same day to Samuel C. Young. The premises, at the time of the execution of the deed of trust, were occupied by the complainants as their homestead, but were not described in said deed as a homestead. · In the execution of the trust the property was sold by the trustee to Young. In an action at law for the possession, a judgment was rendered for Young, and a writ of possession issued. To cancel the deed of trust and restrain the execution of this writ, the plaintiff filed this bill. The defendant interposed a demurrer, which was sustained, and the plaintiff appeals.

*Grant & Smith,* for the appellant.

*S. E. Brown,* for the appellee.

BALDWIN, C. J.—The only question presented in this case is, whether a deed of trust upon the homestead by the

husband and wife passes the interest of the wife therein to the trustee, unless it is expressly stipulated that the homestead is intended to be conveyed. It is the same question raised and determined in the case of *Babcock et ux.* v. *Hoey*, 11 Iowa, 375. It is claimed, however, in argument, that as one of the members of the court assented to the affirmance of the judgment in that case, but did not concur in the reasoning of the opinion announcing the decision of the court, that it may have been upon some other view of the case that it was affirmed.

We have only to announce in this case, that in the one above referred to, the question now presented was the leading and controlling one — that a majority of the court then thought and now hold, that a deed of trust, or mortgage, by the husband and wife upon the homestead is good and valid, and passes the rights of the owners therein, by a proper description of the property encumbered, by metes and bounds, or numbers; and that in order to make such deed of trust or mortgage valid, it is not now, and was not then, necessary for the grantors to state specifically that it was their homestead that they sought to encumber.

Affirmed.