CLARK ET AL. V. EVARTS ET AL.

1. **Evidence**: DECLARATION IN PRESENCE OF DECEASED PERSON. In an action against an administrator and heirs of the husband, the husband's declarations made in the presence of his deceased wife and assented to and acted upon by her are competent evidence.

2. **Homestead**: PAROL CONTRACT: HUSBAND AND WIFE. A parol con-contract by the husband and wife to convey their homestead in consideration of their maintenance during life is void. The fact that the wife who survived her husband four weeks, being all of the time in feeble health, continued to enjoy the benefits of the contract until her death, was *held* not to place her in the position of a sole owner who had made a parol contract for the sale of the homestead.

*Appeal from Fayette Circuit Court.*

WEDNESDAY, JUNE 13.

On the 12th day of November, 1872, Rhoda Crandall being seized of certain lots, in the village of Fayette, constituting her homestead, and about forty acres of land, duly executed a deed conveying said property to her husband, H. Crandall. On the 5th day of March, 1873, H. Crandall made a will by the terms of which he devised all the property of which he was then seized, or of which he might afterward become seized, to the defendants, Carrie M. and H. A. Evarts. On the 7th day of April, 1873, H. Crandall departed this life, his wife, the said Rhoda, being then living. On the 5th day of May, 1873, the said Rhoda Crandall departed this life. The plaintiffs, heirs of said Rhoda, claim that the deeds for the property above mentioned were never delivered to H. Crandall, and that the real estate therein named did not pass under the will. Plaintiffs allege that the defendants, Carrie and H. A. Evarts, are in possession of the property, claiming to hold it under the will of H. Crandall. Plaintiffs pray that they may have judgment for the possession of the property and a decree quieting their title. The defendants claim that the deeds were fully delivered. They further allege that for a long time prior to November, 1872, H. Crandall and Rhoda

Crandall were aged and infirm, and childless, residing alone on the premises referred to as their homestead; that at their special instance and request an agreement was made wherein it was stipulated that said defendants should move into the house occupied by the Crandalls; should take care of and provide for them during each of their natural lives, in consideration of which said Crandalls agreed that all the property, both real and personal, of which the said Crandalls or either of them were seized or possessed should, upon their death, belong to the said defendants. The defendants further allege that they fully complied with this agreement on their part. The cause was referred. The referee found as facts that the deeds had never been delivered to H. Crandall; that Rhoda and H. Crandall made with the defendants the contract set out in their answer; and that defendants had performed the agreement on their part. As a legal conclusion the court found that this agreement, not being in writing, was void as to the homestead, but that it was binding and should be enforced as to the other property mentioned.

The court confirmed the report of the referee, and entered a decree in accordance therewith.

Both parties appeal.

*Rickel & Clements* and *Stoneman & Chapin*, for plaintiffs.

*L. O. Hatch* and *W. A. Hoyt*, for defendants.

DAY, CH. J.—The finding of the referee that the deeds were never delivered to H. Crandall is abundantly sustained by the testimony. The evidence shows that at the time of the execution of the deeds Rhoda and H. Crandall were aged and very infirm. The deeds were executed to the end that H. Crandall might have some means of support if he should survive his wife, and they were retained in the possession of Rhoda Crandall, in her private bureau drawer, with the understanding that if she survived her husband she was to destroy them. At the time of the death of her husband she was very infirm in body and feeble in mind, and she survived her hus-

band less than one month. There is no satisfactory evidence that there was any change of the original intention under which the deeds were executed. Upon the contrary, the weight of the evidence shows that this intention continued till the death of H. Crandall. Immediately after the death of H. Crandall, the defendant, H. A. Evarts, took the deeds from the private drawer of Rhoda, and procured them to be recorded. We are satisfied that they were never delivered, and that no interest in the property in controversy passed to the defendants under the will.

II.   The testimony of Carrie M. and H. A. Evarts as to the contract set up in their answer was inadmissible under section 3639, and was not considered by the referee. The deeds never having been delivered to H. Crandall, his declarations as to the contract, simply as declarations, are not admissible against Rhoda Crandall. But his declarations made in the presence of Rhoda, and acquiesced in by her by positive assent or conduct indicating such assent, are admissible. These declarations, taken in connection with other declarations and conduct of Rhoda herself, are sufficient to prove that the contract set up by defendants was made with the knowledge, concurrence and acquiescence of Rhoda. Having received the benefits of such contract, with full knowledge of its terms, she and her heirs are now estopped to repudiate it, so far as the property not embraced in the homestead is concerned.

*1. EVIDENCE: declarations in presence of deceased person.*

III.   In *Barnett v. Mendenhall*, 42 Iowa, 296, it was held that an agreement to convey the homestead is of no validity, when it is not by a joint instrument in writing concurred in and signed by both husband and wife. Code, Sec. 1990. As both husband and wife were living at the time the contract set out in the answer was made, it follows that, being in parol, it is void so far as the homestead is concerned. It is claimed, however, that Rhoda Crandall, by receiving the benefits of the contract after her husband's death, ratified and confirmed it, or rather that she was in the position of a sole owner having made a contract for the sale of the homestead in parol, which the statute

*2. HOMESTEAD: parol contract: husband and wife.*

does not prohibit. But the evidence shows that Rhoda survived her husband only about four weeks; that she was in very feeble health at the time of her husband's death, and that she desired to be taken elsewhere, but was unable to be removed. Under such circumstances, by merely remaining with and being cared for by defendants, it will not be presumed that she made a new contract for the disposition of the homestead.

On both appeals the judgment is

AFFIRMED.