Garlock v. Baker.

GARLOCK v. BAKER ET AL.

1. **Homestead:** SALE OF: SPECIFIC PERFORMANCE. A sale of the home-
stead at auction is not valid unless the husband and wife, if the owner is
married, join in making the sale, and specific peformance thereof will
not be enforced.

2. ——: ——: GOOD FAITH PURCHASER. After the husband has at-
tempted to sell the homestead, without the consent of the wife, another
party may become a good faith purchaser, even though he has notice of
the husband's previous contract.

*Appeal from Jackson Circuit Court.*

SATURDAY, JUNE 16.

IT is averred in the petition that in February, 1875, the
defendant, Solomon Baker, being the owner of 160 acres of
land, offered the same for sale at public auction, upon the fol-
lowing advertised terms, to-wit: "One half cash, the balance
in two and three years, at ten per cent interest payable annu-
ally;" that at said public sale the plaintiff bid for said farm
the sum of $2,000, and the same was struck off and sold to him
at that price; that the clerk of said sale made a memorandum
in writing in the sale book, such as was necessary to bind both
plaintiff and Baker; that Baker was not ready to execute the
deed upon the day of sale, and then entered into an agreement
with plaintiff that in a short time thereafter the money was to
be paid and deed made; that within a few days thereafter plain-
tiff tendered to Baker $1,000, and a mortgage upon the land

to secure the balance of the purchase money, and demanded a deed which said Baker refused to make and deliver; that Elizabeth Baker as the wife of Solomon Baker has some interest in the land, and would have to join in a conveyance; that defendants, George Lengle and Susanna Lengle, claim to have some interest in the land. It is asked that they be compelled to disclose what interest, if any they have.

The prayer is for a specific performance of the contract of sale to plaintiff.

The defendant, Solomon Baker, answered, denying all the allegations of the petition, excepting that he was the owner of the land described, and that it was offered for sale at the time, and in the manner set out in the petition.

Elizabeth Baker answered, denying each and every allegation of the petition, and alleging that she is, and was at the time of the alleged sale, the wife of Solomon Baker; that she never consented to the sale; that she was not a party to any agreement with plaintiff or any other person previous to a sale made to defendant, Lengle, and that the land in question was her homestead.

Defendants, George and Susanna Lengle, answered, denying generally the allegations of the petition; alleging that on the 2d day of March, 1875, said George Lengle bought the land in controversy, and took his deed therefor from Baker and wife; that said purchase was made in good faith and for a valuable consideration, and without any notice of a sale by Baker to the plaintiff.

There was trial by the court. The plaintiff's petition was dismissed at his costs. Plaintiff appeals.

*D. A. Wynkoop,* for appellant.

*Redmond, Keck & Crocker* for Solomon and Elizabeth Baker, appellees.

*Chas. M. Dunbar,* for George and Susanna Lengle.

ROTHROCK, J.—I. The petition and answers contain other allegations than those set forth in the foregoing statement, but

they are not necessary to be referred to in view of what we regard as the controlling question in the case.

The action is in equity and is triable *de novo* in this court. The fact of the sale having been made, substantially as alleged in the petition, is admitted by Solomon Baker in his testimony.

The evidence shows beyond question that the land in controversy, or rather forty acres of it, including the dwelling house, was the homestead of the defendants, Solomon Baker and his wife Elizabeth Baker. The petition avers that the contract of sale at auction was made by the husband alone. Here is the insuperable obstacle to the plaintiff's right to a specific performance. The statute is peremptory. "A conveyance or incumbrance of the homestead by the owner is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." Code, Sec. 1990. If a conveyance or incumbrance by the husband alone, he being the owner, is of no validity, certainly it will not be claimed that a sale made by him at auction is valid.

It is insisted by counsel for appellant that the evidence shows the wife consented to the sale. The most that can be claimed in this regard is, that she knew her husband had advertised the property for sale. It does not appear that she was even present at the sale.

The petition seeks specific performance as to the whole tract. No case is made either in the pleadings or evidence for any other relief. We need not, therefore, discuss what, if any, remedy the plaintiff is entitled to pursue.

A few days after the auction sale the husband and wife joined in a conveyance of all the land to defendant, Lengle.

As it requires the concurrence of the wife to sell or incumber the homestead, she has the right to join in a conveyance to such person as she chooses, and the conveyance to Lengle must be held valid.

The case being thus disposed of it is not necessary to inquire whether Lengle was a good faith purchaser. The plaintiff alleges a contract with the husband for the purchase of land including the homestead,

and insists upon a specific performance as to all the land. The wife did not join in the sale. Under this state of facts Lengle had the right to purchase, although he may have had notice of the prior contract of sale by the husband to the plaintiff.

AFFIRMED.