## ANDERSON v. CULBERT.

1. **Contract:** FOR CONVEYANCE OF HOMESTEAD: HUSBAND AND WIFE. A contract for the conveyance of a homestead by a married man is void unless signed by his wife, and cannot be enforced though the consideration has been paid and accepted.

*Appeal from Howard Circuit Court.*

TUESDAY, DECEMBER 14.

THE plaintiff entered into a contract with the defendant whereby the defendant, in consideration of certain real estate to be conveyed to him, was to convey certain real estate to the plaintiff. The action is brought to compel the defendant to perform his contract specifically.

The defendant for answer avers, among other things, that the property which he agreed to convey to the plaintiff was,

at the time the agreement was made, and still is, his home-stead; that he is a married man, and his wife did not join in the contract. The court dismissed the plaintiff's petition, and plaintiff appeals.

*Sayre & Woodward* and *Stoneman & Chapin*, for appellant.

*H. T. Reed*, for appellee.

ADAMS, CH. J.—The property of which the plaintiff seeks to obtain a conveyance consists of two lots, and a dwelling-house thereon, in the town of Cresco. It is un-disputed that the defendant was residing upon the property with his family at the time the con-tract was made, and has resided there ever since. The plaintiff contends, however, that the property did not constitute the defendant's homestead.

1. CONTRACT: for convey-ance of home-stead: hus-band and wife.

The evidence shows that the defendant owned a farm in Winneshiek county; that he lived upon it·for fifteen years prior to the spring of 1877, when he leased it and moved to Cresco. About that time he purchased the two lots in ques-tion in Cresco, and built a dwelling-house thereon. In September, 1877, he moved with his family into the house, and has continued to reside there since that time. Whether the farm in Winneshiek county lost its homestead character would depend upon whether the defendant left it with the in-tention of abandoning it as a home, or whether his removal to Cresco was a mere temporary shift. The direct evidence upon the point is that of the defendant, who testified that he bought the Cresco property for the purpose of a home. There is some evidence showing that after he commenced occupying the Cresco property he talked occasionally of going back to his farm. This could only be material in showing, if it could be deemed to have even that effect, that he never really aban-doned the farm as his home, for if he once abandoned it the formation of an intention to return, but not acted upon,

would not restore to the farm its homestead character, nor take such from the property in Cresco. In our opinion the averment of defendant that the Cresco property was his homestead is proved. The plaintiff, however, contends that the contract to convey it is not void for the want of the signature of defendant's wife. He relies upon evidence tending to show that she had knowledge of the trade and encouraged it. But this is insufficient. Even an agreement upon her part would not bind her unless it was a written agreement executed jointly by her and her husband. *Stinson v. Richardson*, 44 Iowa, 373; *Garlock v. Baker*, 46 Iowa, 334. The contract, then, without her signature was void.

The plaintiff claims that the defendant took possession of the real estate which was to be conveyed to him, and has enjoyed the profits, for which, if the trade is not to be carried out, he ought to be allowed. The defendant pleads a set-off. We have not gone into any inquiry upon this point. The defendant insists that we cannot properly do so, because the evidence is not all before us. The abstract does not purport to contain all the evidence, and we must presume that the ruling of the court was correct.

AFFIRMED.