## CLAY v. RICHARDSON ET UX.

1. **Homestead:** INCUMBRANCE OF. Where the plaintiff sought to enforce a lien against defendant's homestead, based upon a parol agreement of the wife, who held the legal title, to execute a mortgage on the property, *held* that the petition was properly dismissed, since, under Code, section 1990, no incumbrance of the homestead is of any validity unless it be based upon a written instrument signed by both husband and wife.

*Appeal from Hardin Circuit Court.*

TUESDAY, OCTOBER 17.

ACTION in chancery to enforce the specific performance of an oral contract to execute a mortgage upon defendants' homestead in security for money loaned them by plaintiff. Upon answer of defendants, the bill was dismissed on motion. Plaintiff appeals.

*Tom H. Milner*, for appellant.

*S. M. Weaver*, for appellee.

BECK, J.—It is alleged in the petition that defendants who, are husband and wife, own a homestead of the value of $2,000, which was sold upon a special execution issued upon a decree subjecting it to debts of the husband. The title of the homestead, the petition shows, is in the wife, who borrowed of plaintiff $596 to redeem the property from the sale on execution, undertaking orally, with her husband, to execute a mortgage upon the homestead securing the money borrowed, which they have failed and refused to do. The petition prays that defendants be required to specifically perform their agreement to execute the mortgage, and, in case they fail to do so, that judgment be rendered for the amount borrowed of plaintiff with interest, and that it be a lien upon the homestead. The defendants deny that the money was borrowed to redeem the homestead from the execution sale, and also deny the allegations of the petition setting up the agreement of defendant to execute a mortgage on the property.

After the answer was filed, defendants moved the court to dismiss plaintiff's petition on the ground, substantially, that it presented no facts entitling plaintiffs to equitable relief. The motion was correctly sustained.

The petition seeks to enforce a lien against defendant's homestead based upon a parol agreement to execute a mortgage upon the property. But an incumbrance of the homestead is of no validity unless it be based upon a written instrument signed by both husband and wife. Code, § 1990. *Clark v. Evarts*, 46 Iowa, 248; *Barnett v. Mendenhall*, 42 Iowa, 296. The petition upon its face shows that plaintiff is not entitled to equitable relief. The Circuit Court rightly dismissed it.

AFFIRMED.