Jacob Thrush, Appellant, v. Brigham Graybill, Appellee.

**Sale of land:** MISTAKE AS TO QUANTITY: DAMAGES: INTEREST. Interest is not recoverable on the amount of difference in value of the land which plaintiff actually acquired by his deed and that which he supposed he was acquiring, where he took possession of the full amount and retained it until the time of trial.

**New trial:** APPEAL: DISCRETION OF COURT. In passing on a motion for new trial, a finding of the trial court of a question of fact will not be disturbed on appeal in the absence of abuse of discretion.

**New trial:** REVIEW ON APPEAL. In passing on a motion for new trial the court ordered plaintiff to remit the jury's allowance of interest or submit to a new trial. Plaintiff refused to remit and his notice of appeal recited that the same was taken from the judgment and order sustaining defendant's motion and requiring him to remit any entry of judgment thereof; held that the only question before the appellate court was plaintiff's right to recover interest, and he could not urge error in the court's refusal to submit to the jury certain questions of damages.

*Appeal from Pottawattamie District Court.*— HON. N. W. MACY, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION to recover damages growing out of a sale and conveyance of real estate by defendant to plaintiff. Trial was had to a jury, resulting in a verdict for plaintiff. A motion by defendant to set aside the verdict as rendered, and for a new trial, was sustained on condition, and from the order thus made the plaintiff appeals.— *Affirmed.*

*Clem F. Kimball,* for appellant.

*Saunders & Stuart,* for appellee.

BISHOP, J.— In the year 1883 the defendant, then being the owner of the lands in question, with others, laid out and caused to be surveyed and platted the town of Underwood, in Pottawattamie county. As related to the particular lots which are of the subject-matter of this controversy, the plat of said town as recorded was erroneous, in that the depth of the lots as shown on the plat was 202 feet, whereas in fact the depth of the lots as actually surveyed and staked out was only 142 feet. In the year 1890 the defendant sold to plaintiff, under written contract, lots 7 to 11, inclusive, in block 12 in said town, "according to the recorded plat," and in said contract agreed to convey

by warranty deed upon payments as stipulated for being made. In February, 1893, the defendant executed and delivered to plaintiff a warranty deed of the lots; describing them simply by lot and block number. It is conceded that the survey as actually made is controlling in respect of the size of the lots, and accordingly that plaintiff took title by his deed to the depth of 142 feet only. The contention as presented by the petition, and as sought to be sustained by the evidence, is that plaintiff was induced to buy the lots and pay the stipulated price by the representations of defendant that such lots were 202 feet in depth, which representation was false in the respect above stated. Among other things, the plaintiff seeks to recover as damages the difference in value of the lots as they are, and what would have been the value, had they been of the size represented. As testified to by plaintiff as a witness, the aggregate of such difference was the sum of $150. The issue involving the alleged misrepresentation and damage was alone submitted to the jury, and, in the course of the instructions given, the jury was told that, if plaintiff was found entitled to recover, interest should be allowed upon the amount found from a date named down to the time of the trial. The verdict as returned by the jury was for the sum of $150, with interest amounting to the further sum of $109. In ruling upon the motion of defendant for a new trial, this was the record made: "It is ordered that plaintiff be required to remit of the amount allowed by the jury the sum of $109, the same being the amount of interest allowed; and the court finding that, under the record herein, the plaintiff is not entitled to recover interest, and upon plaintiff refusing to make such remission, the motion to set aside the verdict and for new trial will be sustained," etc. Plaintiff, having refused to remit, served his notice of appeal, which recited that the appeal is taken from " the judgment and order sustaining defendant's motion for a new trial, and requiring plaintiff to remit any entry of judgment thereof," etc.

The foregoing statement as to the record makes it clear that we have before us but one question for determination. Conceding the right of plaintiff to a recovery for damages 1. SALE OF LAND: in character as claimed by him, and as stated
mistake as to
quantity; above, was he entitled to have interest on the
damages; in-
terest. amount thereof as particularly computed by the jury, and returned as part of the verdict? It is evident to our minds that the negative holding of the court was predicated upon the evidence appearing in the record tending to prove that plaintiff made claim under his contract and deed to the lots as designated of the full depth of 202 feet, and that he took possession conformably to his claim, and retained the. same down to the time of the trial. Assuming such to be the facts, it is clear that interest was not recoverable. Sutherland, Damages (3d Ed.), section 616'; *Wood v. Coal Co.*, 48 Ill. 356 (95 Am. Dec. 554). ·

As to the fact of possession by plaintiff, it was for the trial court, in the first instance, to draw a conclusion from the .evidence; and in such cases there can be no interference 2. NEW TRIAL: upon appeal, except an abuse of discretion is
appeal; discre-
tion of court. made to appear. ' The instant record does not warrant us in concluding that the discretionary powers of the court were .abused.

By allegation and by evidence offered on the trial, plaintiff asserted and insisted upon damages resulting from the misrepresentation alleged, other and in addition to those 3. NEW TRIAL: arising out of difference in values — as that
review on ap-
peal. he had been put to the expense of litigation in endeavoring to have a street opened up, etc. Complaint is now made in argument of the refusal of the court to submit to the jury any question respecting the matter of such claim for damages. It is apparent to our minds that, under the state of the record, the subject-matter of such complaint cannot be considered. Plaintiff did not move for a new trial. His attitude is one of resistance to a new trial, and he appeals only because a new trial was awarded.

We conclude that the record discloses no reversible error, and the ruling and order appealed from are therefore *affirmed.*