FIRST NATIONAL BANK OF WINTERSET, Appellee, v. ELLEN PHILLIPS et al., Appellants.

BILLS AND NOTES: Execution—Signing Without Reading. A wife
1   who can read, but, voluntarily and without circumvention, signs, as surety, and without reading, the promissory note of her husband, in pursuance of a prior agreement to that effect between the husband and the payee, is bound thereby, both on the basis of *assent* and on the basis of *consideration.*

HOMESTEAD: Waiver—Unauthorized Decree. A waiver in a promis-
2   sory note of the maker's homestead right does not constitute authority in the court in an action on the note to decree a lien on the maker's homestead for the amount due on the note.

Headnote 1:   13 C. J. p. 370; 30 C. J. p. 742.   Headnote 2:   29 C. J. p. 955 (Anno.)

Headnote 1:   3 R. C. L. 1119.   Headnote 2:   13 R. C. L. 656.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

MARCH 15, 1927.

Suit on a promissory note, with a prayer for a lien on the homestead of defendant. Judgment was rendered for the amount of the note, but the prayer for lien was refused. Both parties appeal.—*Affirmed on both appeals.*

*Phil R. Wilkinson* and *Leo C. Percival,* for appellants.

*John A. Guiher,* for appellee.

ALBERT, J.—The note sued on herein was for $5,000, and was in the usual form, but contained a provision reading as follows:

"We expressly stipulate and agree that our homestead is and shall be liable for the payment of this debt."

The answer of the defendant Ellen Phillips is a general denial; a special denial that the plaintiff has now or ever had a lien on the homestead; a special denial that she executed or joined in the $5,000 note declared upon. She further alleges that Daniel H. Phillips, who was her husband, on the 28th day of November, 1921, and for some time previous, had been sick, and on that date he advised her that he had borrowed $200 from the plaintiff; that she then knew that he had previously given a note to the plaintiff for $5,000; that on that evening he started for the Mayo Clinic at Rochester, Minnesota, where he remained until the 22d of December following; that she was advised by telephone that her husband had a malignant disease, and she was asked to come at once to Rochester; that, on the 9th of December, she started for Rochester, and on her way called at plaintiff's place of business; that plaintiff presented her some papers, saying, "These are the papers you are to sign," or words to that effect; that the defendant then and there, without reading same or being advised of their contents, executed the papers, as presented by plaintiff; that she received no consideration for the execution of the $5,000 note declared upon by plaintiff; that the execution by this defendant of the $5,000 note declared upon in plaintiff's petition was without knowledge of the said Daniel H. Phillips; and that, after the same had been accepted by said bank, she had no knowledge of plaintiff's having or claiming to have a $5,000 note given by Daniel H. Phillips.

At the time of the trial of this case, there was pending another case in the same court between the same parties, in which Ellen Phillips was plaintiff, and all other parties to this action defendants, asking for the partition of 160 acres of land formerly owned by said Daniel H. Phillips,—who had, in the intermediate time, deceased,—in which proceedings Ellen Phillips was asking to have her third set off so as to include the homestead; and the First National Bank in that case admitted that the deceased owned said real estate, and that 40 acres thereof constituted the homestead of the deceased and his family at the time of his death. The testimony in both that partition case and the present case was submitted at the same time, to avoid repe-

1. BILLS AND NOTES: execution: signing without reading.

tition. The lower court granted the plaintiff in this case a judgment against Ellen Phillips for $5,540, and interest and costs, from which judgment she duly appealed. The court refused, however, to grant the bank the further relief prayed for by it, in a finding which is as follows:

"And the court further finds that the plaintiff is not entitled to have the same established as a lien against the homestead of Ellen Phillips by virtue of the provisions of the note declared upon."

From this refusal by the court the bank appealed.

The evidence in the case abundantly shows that, on the 28th day of November, 1921, Daniel H. Phillips was owing the First National Bank a note of $5,000; that he was then suffering from an incurable disease, and wished $200 ready money, to go to the Mayo Clinic at Rochester, Minnesota; that the bank called his attention to the $5,000 note, which they asked to have renewed, and told him that they would loan him the $200, but that he must procure his wife's signature to the notes; and that he said he would have her come in and sign. At that time he signed a renewal note of $5,000, and the old $5,000 note was turned over to him. He also signed another note of $300, which covered some interest and other matters he owed the bank, together with the $200 he borrowed. There is nothing to show that he ever said anything to his wife, other than that he had gotten $200 from the bank. Eleven days later, the wife received notice from the Mayo Clinic that her presence was needed there at once. She and her son, who was 24 years of age, went to town; and the son went to the bank, where he was told that his mother was to come in and sign some notes. He found his mother, and advised her accordingly, and she went to the bank. She says that she went there "to sign some notes." She did not say anything to the employees of the bank, but she says that one of them shoved out a paper, and said, "This is what you are to sign," and she signed it; that he shoved out another, and said, "This."

"I signed it. I knew they were notes. I did not know their amounts."

She says she can read, but that she felt so bad that she did not read them. Nothing prevented her from reading them. No one read them for her, and she asked no one to do so. There is no plea of fraud or duress, nor is there any claim that she was

deceived; that there was anything concealed from her; or that she was overreached in any way. We have too often pronounced on this kind of a situation to require a citation of authorities. One who signs under these circumstances, without giving any attention whatever to the contents of the paper, is bound thereby. She knew that she was signing notes at the time, and where one signs as surety, it is not required that he know the terms of the principal agreement. *Christensen v. Harris*, 190 Iowa 256; *Bank of Holmes v. Thompson*, 192 Iowa 1032; *Van Houten v. Van Houten*, 202 Iowa 1085.

There is no claim that the husband practiced any fraud on her, to induce her to sign the note. It is too well settled a principle to require citation of authority that fraud is never presumed, but always must be proven by the party alleging it. There is nothing in the situation to show that there were any false representations made to her, and we can see no escape for her from the liability incident to the signing of such an instrument. It is equally well settled that the agreement between the bank and Daniel H. Phillips that, as a part of the consideration of the renewal of the old note and the giving of the new note, together with the loan of the $200, Ellen Phillips should sign the same, when she did sign, in pursuance of that agreement, carried a sufficient consideration. There was no burden on the bank to prove that she had a full understanding of the instrument she signed. *First Nat. Bank v. Ten Napel*, 198 Iowa 816. The ruling of the district court entering judgment against Ellen Phillips for the balance due on the note was correct.

As to the appeal of the bank, we have given this matter serious attention, because we are not certain that we understand the contention of the bank in this respect. The homestead right 2. HOMESTEAD: is a right given by statute, and can only be eliminated in the manner provided by the statute. authorized decree. We have set out heretofore the provision of this note with reference to this question. As we construe this provision of the note, it is a waiver of the homestead right: that is, a declaration on the part of Daniel and Ellen Phillips that they would not claim any homestead right in any particular property, as against this debt. This is the most that can be claimed for it, as we view it. It does not even purport to give the bank a lien, or to create a lien on any particular property.

This being true, the claim of the bank that the court erred in not decreeing the debt to be a lien on the property is erroneous. The ruling of the court was right. There is no authority in the writing, and we know of none under the law, which would permit the court, under these circumstances, to decree this debt a lien upon the property. It was not so contracted to be, and the farthest the court could go would be to enforce the terms of the contract. Hence the ruling of the district court on this question was right.—*Affirmed on both appeals.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.