HELEN E. THAYER, Appellant, v. E. F. SHERMAN, Appellee.

No. 42513.

JUNE 23, 1934.

V. P. McManus, and D. M. Kelleher, for appellant.

S. A. Frick, and Jacobs & McCaulley, for appellee.

ANDERSON, J.—It is necessary for an intelligent understanding of the issues presented on this appeal that we incorporate in the opinion the pleadings filed in the lower court.

On the 25th day of February, 1933, plaintiff-appellant, Helen E. Thayer, filed in the district court of Calhoun county, Iowa, a petition in equity as follows:

"Count One.

"For a first cause of action, plaintiff states: The plaintiff is the absolute owner in fee simple of the following described real estate situated in the Town of Manson, in the County of Calhoun and State of Iowa, to-wit:

"All of Lot Four (4) and the South Forty-four (44) feet of Lot Fifteen (15) and the South Forty-four (44) feet of Lot Twenty-two (22) in Block Nine (9), Willey's Second Addition to the Town of Manson, Iowa.

"That the plaintiff is credibly informed and believes the defendant makes some claim adverse to the plaintiff. Plaintiff alleges that any such claim is without support in law or in fact. That the plaintiff has absolute title to said real estate in fee simple, as hereinbefore alleged.

"Wherefore, plaintiff prays the decree of this court establishing the plaintiff's fee simple title and estate in the said described real estate and prays that the defendant E. F. Sherman, be barred and forever estopped from having or claiming any right or title to said described real estate adverse to the plaintiff.

"Count Two.

"For a second cause of action against the defendant plaintiff states:

"That the plaintiff is the widow of Edwin S. Thayer, who died a resident of Manson in the County of Calhoun and State of Iowa, on or about the 9th day of September, 1932, leaving no issue or descendants him surviving. That the plaintiff and said decedent, Edwin S. Thayer, were married on or about the 29th day of November, 1924, and thereafter until the death of said Edwin S. Thayer, they occupied and used as their home and homestead the real estate, including dwelling house situated thereon, and they and neither of them had or used any other house or homestead.

"That decedent, Edwin S. Thayer, was seized and had title to said real estate from the date of their marriage and at the time of his death to Lot Four (4) and the South Forty-four (44) feet of Lot Fifteen (15) and the South Forty-four (44) feet of Lot Twenty-two (22) in Block Nine (9), Willey's Second Addition to the Town of Manson, Iowa, so occupied and used as said home and homestead. And he, the said Edwin S. Thayer, had no other property at the time of his death and left no estate other than the said above described real estate and homestead. That the land above described consists of contiguous lots and parcels habitually and in good faith used as a part of the same homestead, the whole containing less than one-half acre.

"That the said decedent, Edwin S. Thayer, was not at the time of his death indebted to any person or persons. That there are no creditors of the said Edwin S. Thayer and no claims against him or his estate of any kind or character.

"That the whole of the property and the estate of the said Edwin S. Thayer at the time of his death and the whole of the estate left

by him was of the worth and value of substantially less than $7,500.00. That the plaintiff, under and by virtue of the provisions of Code section 12017, became at the death of said Edwin S. Thayer entitled to the whole of the estate of the said Edwin S. Thayer; and the said above described property at the death of said Edwin S. Thayer passed to and by operation of law, vested absolutely in the plaintiff.

"That no administration has been had and no administrator appointed for the estate of said Edwin S. Thayer and such administration would be wholly futile inasmuch as said property is exclusively real estate and the whole of it is distributable exclusively to plaintiff and to no other person or persons than the plaintiff. That the plaintiff is entitled to have the whole of the said described real estate, to-wit:

"All of Lot Four (4) and the South Forty-four (44) feet of Lot Fifteen (15) and the South Forty-four (44) feet of Lot Twenty-two (22) in Block Nine (9), Willey's Second Addition to the Town of Manson, Iowa, set off to her free and clear of the claims of the defendant or of any other person, by such decree and determination of the value thereof or otherwise, under the direction of the court, as may be ordered and determined.

"That the defendant, E. F. Sherman, makes some claim adverse to your petitioner, the plaintiff, but the plaintiff alleges that any claim of said defendant is unfounded in law and in fact and is inferior to the plaintiff's fee simple title to the said above described real estate.

"That the claim of the said defendant to the best of the plaintiff's knowledge, information and belief is based upon a certain instrument in the form of a deed, a copy of which is hereto annexed, marked Exhibit 'A' and made a part hereof. That said deed was filed for record in the office of the county recorder of Calhoun County, Iowa, on or about the 15th day of December, 1931, at eight o'clock A. M., and recorded in Book 63 on page 78 of the Town Lot Deed Records of Calhoun County, Iowa.

"Plaintiff alleges that said instrument is a cloud upon the plaintiff's title to the said described real estate, which she is entitled to remove. That in truth and in fact, said instrument was signed by the said Edwin S. Thayer and was not signed by plaintiff nor did she join therein in any manner. That it purports to be, and if valid would be, a conveyance of property which was and constituted the

homestead of both the said decedent Edwin S. Thayer, and this plaintiff, his wife. That said premises were and are improved by a dwelling house and its appurtenances, consisting of a small chicken house and barn or garage. That upon the intermarriage of the plaintiff and the said Edwin S. Thayer on the 29th day of November, 1924, said Edwin S. Thayer and plaintiff used and occupied the said dwelling house so situated upon said described real estate and the buildings appurtenant thereto and the said described real estate at all times thereafter as the home and homestead of the plaintiff and Edwin S. Thayer, until the death of the said Edwin S. Thayer on September 9, 1932, and plaintiff has since occupied and used the same as her home and homestead. That the said Edwin S. Thayer died intestate on said last named date. That said described real estate was occupied as such home and homestead on the 14th day of December, 1931, at the time said purported deed and conveyance, a copy of which, marked Exhibit 'A,' is hereto annexed, was signed and executed by said Edwin S. Thayer. That the plaintiff did not join in the execution of the said deed and did not sign the same and never joined in the signing or the execution of the said instrument. That said instrument is not a joint instrument of the husband and wife (Edwin S. Thayer and the plaintiff) but is only the separate deed and conveyance of the said Edwin S. Thayer, and said deed was at the time of the signing thereof and at all times since and now is, wholly void and ineffectual under and by virtue of the provisions of Code section 10147, to convey any title whatsoever to the real estate therein described or to constitute any encumbrance thereon.

"That the said Edwin S. Thayer and the plaintiff and neither of them ever in any manner abandoned the said property or the dwelling thereon as their home and homestead; that the same was the home and homestead of each of them and the plaintiff now occupies the same and has ever since her intermarriage with the said Thayer as her own home and homestead.

"The plaintiff alleges that the said instrument hereinbefore described was and is wholly ineffectual to divest the plaintiff or the said Edwin S. Thayer of said described real estate. That said instrument is wholly void and ineffectual for any purpose and that said described real estate passed at the date of the death of the said Edwin S. Thayer, as provided by the laws of descent of the State of Iowa, wholly unaffected by said deed or instrument aforesaid, which constitutes and is a mere cloud upon the plaintiff's title, which

plaintiff is entitled to have removed and her title quieted against by decree of this court.

"That the plaintiff has no plain, speedy or adequate remedy at law and is remediless save in a court of equity to the end that the cloud of said purported deed and conveyance may be removed from the title of the plaintiff to said described real estate and said instrument declared to be void and ineffectual for any purpose; and to the end that the plaintiff's title may be quieted to the said described real estate against any claim of defendant.

"Wherefore, plaintiff prays that she may have the decree of this court quieting the title to said real estate, viz:

"All of Lot Four (4) and the South Forty-four (44) feet of Lot Fifteen (15) and the South Forty-four (44) feet of Lot Twenty-two (22) in Block Nine (9), Willey's Second Addition to the Town of Manson, Iowa.

"That the defendant, E. F. Sherman, may be barred and estopped from having or claiming any right to said premises adverse to the plaintiff; that the cloud of the said deed may be removed and said instrument, a copy of which, marked Exhibit 'A,' is hereto annexed, may be declared and decreed to be wholly void and ineffectual as a conveyance of said real estate. Plaintiff prays that the court may determine the value of the whole estate of said Edwin S. Thayer, and upon a finding and determination by appraisement or otherwise that the value is less than $7,500.00; that it may decree and determine that the whole of said estate vested absolutely in plaintiff at the death of said Edwin S. Thayer, and for such other and further orders as are equitable, including costs.

"[Duly verified.]"

Exhibit A (annexed to the petition) was as follows:

"Warranty Deed.

"Know all Men by these Presents: That Edwin S. Thayer of Town of Manson of Calhoun County, State of Iowa, in consideration of the sum of Love and affection and One Dollar in hand paid by Helen E. Thayer of Town of Manson, of Calhoun County, State of Iowa, do hereby Sell and Convey unto the said Helen E. Thayer the following described premises situated in the County of Calhoun, Town of Manson and State of Iowa, to-wit: All of Lot Four (4) and South Forty-four (44) feet of Lot Fifteen (15) and South

Forty-four (44) feet of Lot twenty-two (22), Block Nine (9), Willey's Second Addition to Town of Manson, Iowa.

"To Have and to Hold the premises above described, with all the appurtenances, unto the said Helen E. Thayer.

"And I do hereby covenant with the said Helen E. Thayer that I hold said premises by good and perfect title; that I have good right and lawful authority to Sell and Convey the same; that they are free from all encumbrances whatsoever except that this transfer and conveyance of title is only to create a life estate unto Helen E. Thayer, to hold and to have for purposes of dwelling and renting, and otherwise, have absolute control and power during her life. Subject however, to a life estate reserved unto the grantor hereof. After the death of both grantor and grantee hereof, title to this property then passes in fee simple to E. F. Sherman, his heirs and assigns forever. Until the fee simple title passes E. F. Sherman has no interest.

"And I do hereby covenant to Warrant and Defend the title of said real estate and appurtenances thereto belonging, against the lawful claims of all persons whomsoever.

"Signed this 14th day of December, A. D. 1931.

"[Signed]   Edwin S. Thayer.

"[Duly acknowledged.]"

To the foregoing petition in equity the defendant filed a motion to dismiss on the ground that count 1 of the petition states only legal conclusions, and that the facts stated in counts 1 and 2 do not entitle the plaintiff to the relief demanded. This motion was sustained by the court, and thereafter an election was filed by the plaintiff refusing to plead further, and electing to stand upon her petition and the ruling of the court sustaining the motion to dismiss, and plaintiff also elected to suffer judgment to be entered against her on said ruling, excepting thereto, and excepting to the ruling upon the defendant's motion to dismiss. Following the filing of such election judgment was entered against the plaintiff dismissing her petition and taxing the costs to her, to which the plaintiff excepted, and has appealed to this court.

The determination of the issue here presented involves the homestead or homestead right which we find defined in chapter 441 of the 1931 Code.

Section 10145 of the Code provides that, upon the death of

either husband or wife,. the survivor may continue to possess and occupy the homestead until it is otherwise disposed of according to law, but that the setting off of the distributive share of the surviving spouse shall be considered a disposal of the homestead.

Section 10146 provides that the survivor may elect to retain the homestead for life in lieu of a distributive share.

Section 10147 provides that: "No conveyance or incumbrance of, or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, and the instrument sets out the legal description of the homestead. * * * "

Section 11990 provides that the surviving spouse shall have one-third in value of all the legal or equitable estates in real property possessed by the deceased at any time during the marriage, which have not been sold on execution or other judicial sale, and of which the surviving spouse made no relinquishment of his or her rights, and such shall be set apart as the property of the survivor in fee simple.

Section 12017 provides that, if the intestate leaves no issue, the whole of the estate to the amount of $7,500, after the payment of the debts, etc., and one-half of all of the estate in excess of said $7,500, shall go to the surviving spouse.

Under the petition as filed by the plaintiff, it must be said at the outset that the plaintiff has elected not to retain the homestead for life in lieu of her distributive share. In said petition she claims the fee-simple title to the property described in her petition, which she alleges was the homestead of herself and her deceased husband, as the widow and the sole surviving heir to the entire estate by reason of the fact that the property involved does not exceed in value $7,500, and asks that an appraisal thereof be had, that the court determine the value, and that the title in fee simple be established and quieted in her. She alleges that the attempted conveyance of a life estate in the property to her with the remainder to E. F. Sherman, the defendant-appellee, in fee simple, is void, and vests no interest in or title to the described property in the defendant-appellee, Sherman. Plaintiff claims that her husband, Edwin S. Thayer, could not alone execute a deed effective to convey any interest whatsoever in the homestead.

Code section 10147, declares absolutely and without any ex-

ceptions that a conveyance or incumbrance of or a contract to convey or incumber the homestead is invalid, unless the husband and wife join in the execution of the same joint instrument. And under this statute it must be held that a conveyance of the homestead by the husband alone is invalid. The provisions of this section are for the benefit of all who are interested in the homestead. It is designed as a protection to the wife, the children, and the husband himself. Lunt v. Neeley, 67 Iowa 97, 24 N. W. 739. The homestead right is created by statute, and this can only be alienated in the manner provided by statute. First National Bank v. Phillips, 203 Iowa 372, 212 N. W. 678.

We have repeatedly held that any conveyance of the homestead is invalid unless the wife jointly signs and concurs in the execution of the instrument of conveyance. Burnap v. Cook, 16 Iowa 153, 85 Am. Dec. 507; Morris v. Sargent, 18 Iowa 100; Hostetler v. Eddy, 128 Iowa 406, 104 N. W. 485; Way v. Scott, 118 Iowa 198, 91 N. W. 1034; Larson v. Reynolds & Packard, 13 Iowa 581, 81 Am. Dec. 444; Krapfel v. Pfiffner, 24 Iowa 176; Gwyer v. Figgins & Figgins, 37 Iowa 521; Barnett v. Mendenhall, 42 Iowa 298; Bolton v. Oberne, Hosick & Co., 79 Iowa 281, 44 N. W. 547; Alvis v. Alvis, 123 Iowa 551, 99 N. W. 166; Belden v. Younger, 76 Iowa 567, 41 N. W. 317; Lunt v. Neeley, 67 Iowa 97, 24 N. W. 739; O'Brien v. Young, 15 Iowa 5; Davis, Moody & Co. v. Kelley, 14 Iowa 523; Sharp v. Bailey, 14 Iowa 387, 81 Am. Dec. 489; Babcock v. Hoey, 11 Iowa 375; Williams v. Swetland, 10 Iowa 51; Yost v. Devault, 9 Iowa 60; Haggerty v. Brower, 105 Iowa 400, 75 N. W. 321; Highley v. Millard, 45 Iowa 586; Garlock v. Baker, 46 Iowa 334; Cowgell v. Warrington, 66 Iowa 666, 24 N. W. 266; Woolcut v. Lerdell, 78 Iowa 668, 43 N. W. 609; Beedle v. Cowley, 85 Iowa 540, 52 N. W. 493; Pelan v. DeBevard, 13 Iowa 53; Donner v. Redenbaugh, 61 Iowa 269, 16 N. W. 127; Stinson v. Richardson, 44 Iowa 373; Clay v. Richardson, 59 Iowa 483, 13 N. W. 644; Anderson v. Culbert, 55 Iowa 233, 7 N. W. 508.

The foregoing rule announced in and supported by the cited cases is also in harmony with the great weight of the decisions of other states, as will be noted by a reference to the cases collated in Thompson v. Marlin, 116 Okl. 159, 243 P. 950, 45 A. L. R. 396, and the note following the opinion in that case.

The fact the husband may convey the homestead in fee to his wife by deed executed by him alone is of no significance. In the

cases so holding the courts merely held that the wife does not do the vain thing of executing as grantor an instrument to herself. Harsh v. Griffin, 72 Iowa 609, 34 N. W. 441; Beedy v. Finney, 118 Iowa 276, 91 N. W. 1069. In the case at bar the husband did not convey the fee here involved to his wife, but he attempted to convey only a life estate in the homestead property. In the same instrument he attempted to convey the fee-simple title to the defendant, Sherman. To sustain such a conveyance would be to hold that any husband, though the father of children, could execute a like conveyance without his wife joining therein and effectually alienate the fee title as against, not only the interest and rights of his wife, but of his children, in the property so conveyed.

In Lunt v. Neeley, 67 Iowa 97, 24 N. W. 739, we said:

"Neither the husband nor wife can, by any separate act, affect the homestead rights of the other, or change the homestead character of the property. When the right of homestead has once attached to the property, it can be relinquished or divested only by a joint conveyance, or by the abandonment of the property as a homestead by both the husband and wife."

In Goodwin v. Goodwin, 113 Iowa 319, 85 N. W. 31, we said:

"A conveyance of a homestead occupied by husband and wife, in which the wife does not join, is invalid for any purpose."

In Brunsdon v. Brunsdon, 199 Iowa 1100, 200 N. W. 823, we said:

"The homestead can only be conveyed by a joint instrument signed by both the husband and wife. This is the plain provision of the statute which has frequently been construed and applied in the decisions of this court."

In Alvis v. Alvis, 123 Iowa 546, 99 N. W. 166, in construing the statute in question, we held that the husband and wife must each assent to the fact of conveyance, and each must join in the act by which the conveyance is accomplished. In the cited case a conveyance was executed by the husband to his sons without the wife joining, and we held that the grantees acquired no rights whatever in the homestead property; that the conveyance was void, not only in favor of the wife, but the husband, who executed it, as well, and this is the doctrine of all of the cases in which the question was

under consideration. The conveyance in question being void, the parties all stand as though no such instrument had ever been executed.

In the light of the foregoing cited cases, we have carefully read and compared the cases cited by the appellee, and must conclude that none of the cases relied upon by the appellee furnish support for his contention in this case.

We are unable to agree with the appellee's contention, or with the trial court's ruling in sustaining the motion to dismiss plaintiff's petition: Reversal necessarily follows.—Reversed.

CLAUSSEN, C. J., and STEVENS, EVANS, ALBERT, KINTZINGER, and MITCHELL, JJ., concur.